## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH POST, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| MAXIM INTEGRATED PRODUCTS, INC., TRACY ACCARDI, JAMES R. BERGMAN, JOSEPH R. BRONSON, TUNC DOLUCA, ROBERT E. GRADY, MERCEDES JOHNSON, WILLIAM P. SULLIVAN, WILLIAM D. WATKINS, MARYANN WRIGHT, ANALOG DEVICES, INC., and MAGNETO CORP., | ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on July 13, 2020 (the "Proposed Transaction"), pursuant to which Maxim Integrated Products, Inc. ("Maxim" or the "Company") will be acquired by Analog Devices, Inc. ("Parent") and Magneto Corp. ("Merger Sub," and together with Parent, "Analog").

2.     On July 12, 2020, Maxim's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Analog.  Pursuant to the terms of the Merger Agreement, Maxim's stockholders will receive 0.630 shares of Parent common stock for each share of Maxim common stock they

own.

3.     On August 18, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Maxim common stock.

9.     Defendant Maxim is a Delaware corporation and maintains its principal executive offices at 160 Rio Robles, San Jose, California 95134.  Maxim's common stock is traded on the

NASDAQ Global Select Market under the ticker symbol "MXIM."

10.     Defendant Tracy Accardi is a director of the Company.

11.     Defendant James R. Bergman is a director of the Company.

12.     Defendant Joseph R. Bronson is a director of the Company.

13.     Defendant Tunc Doluca is President, Chief Executive Officer, and a director of the Company.

14.     Defendant Robert E. Grady is a director of the Company.

15.     Defendant Mercedes Johnson is a director of the Company.

16.     Defendant William P. Sullivan is Chairman of the Board of the Company.

17.     Defendant William D. Watkins is a director of the Company.

18.     Defendant MaryAnn Wright is a director of the Company.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.     Defendant Parent is a Massachusetts corporation and a party to the Merger Agreement.

21.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Maxim (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of July 10, 2020, there were approximately 266,684,468 shares of Maxim common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29.     Maxim develops innovative analog and mixed-signal products and technologies to make systems smaller and smarter, with enhanced security and increased energy efficiency.

30.     On July 12, 2020, Maxim's Board caused the Company to enter into the Merger Agreement with Analog.

31.     Pursuant to the terms of the Merger Agreement, Maxim's stockholders will receive 0.630 shares of Parent common stock for each share of Maxim common stock they own.

32.     According to the press release announcing the Proposed Transaction:

Analog Devices, Inc. (Nasdaq: ADI) and Maxim Integrated Products, Inc. (Nasdaq: MXIM) today announced that they have entered into a definitive agreement under which ADI will acquire Maxim in an all stock transaction that values the combined enterprise at over $68 billion2. The transaction, which was unanimously approved by the Boards of Directors of both companies, will strengthen ADI as an analog semiconductor leader with increased breadth and scale across multiple attractive end markets.

Under the terms of the agreement, Maxim stockholders will receive 0.630 of a share of ADI common stock for each share of Maxim common stock they hold at the closing of the transaction. Upon closing, current ADI stockholders will own approximately 69 percent of the combined company, while Maxim stockholders will own approximately 31 percent. The transaction is intended to qualify as a tax-free reorganization for U.S. federal income tax purposes. . . .

Advisors

Morgan Stanley served as lead financial advisor to ADI. BofA Securities also served as a financial advisor. Wachtell, Lipton, Rosen & Katz served as legal counsel.

J.P. Morgan served as exclusive financial advisor to Maxim, and Weil, Gotshal & Manges LLP served as legal counsel.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

33.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34.     As set forth below, the Registration Statement omits material information.

35.     First, the Registration Statement omits material information regarding the Company's and Analog's financial projections.

36.     With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDA, EBIAT, Adjusted EBITDA, and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37.     With respect to Analog's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDA, EBIAT, Adjusted EBITDA, and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("JPM").

40.     With respect to JPM's Discounted Cash Flow Analysis of Maxim, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values for Maxim; (iii) JPM's basis for applying terminal growth rates ranging from 2.5% to 3.5%; (iv) the individual inputs and assumptions underlying the discount rate range of 8.25% to 10.25%; (v) the net cash balance of Maxim; and (vi) Maxim's fully diluted shares outstanding.

41.     With respect to JPM's Discounted Cash Flow Analysis of Analog, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values for Analog; (iii) JPM's basis for applying terminal growth rates ranging from 2.5% to 3.5%; (iv) the individual inputs and assumptions underlying the discount rate range of 8.25% to

10.25%; (v) the net debt balance of Analog; and (vi) Analog's fully diluted shares outstanding.

42.     With respect to JPM's Value Creation Analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the discount rate of 9.25% and terminal value growth rate of 3.0%.

43.     With respect to JPM's Discounted Equity Research Analyst Price Targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the cost of equity of 10.0%.

44.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45.     Third, the Registration Statement omits material information regarding JPM.

46.     The Registration Statement fails to disclose whether JPM has performed past services for the Company or its affiliates, as well as the timing and nature of such services and the amount of compensation JPM received for providing such services.

47.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

48.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

49.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Maxim**

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Maxim is liable as the issuer of these statements.

52.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

53.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Analog

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants and Analog acted as controlling persons of Maxim within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Maxim and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60.     Each of the Individual Defendants and Analog was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

62.     Analog also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63.     By virtue of the foregoing, the Individual Defendants and Analog violated Section 20(a) of the 1934 Act.

64.     As set forth above, the Individual Defendants and Analog had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 24, 2020                    **RIGRODSKY & LONG, P.A.**

                                 By:   */s/ Gina M. Serra*
                                       Brian D. Long (#4347)
**OF COUNSEL:**                         Gina M. Serra (#5387)
                                       300 Delaware Avenue, Suite 210
**RM LAW, P.C.**                        Wilmington, DE 19801
Richard A. Maniskas                     Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300         Facsimile: (302) 654-7530
Berwyn, PA 19312                        Email: bdl@rl-legal.com
Telephone: (484) 324-6800               Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                  *Attorneys for Plaintiff*